IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeannette D. Irby,

                Plaintiff,                      Case No. 3:13 CV 2293

     -vs-

                                               MEMORANDUM OPINION
                                               AND ORDER

Commissioner of Social Security,

                Defendant.


Jeannette D. Irby applied for social security disability insurance benefits and supplemental security income benefits with the Social Security Administration. After exhausting her available administrative remedies, the Commissioner of Social Security denied Irby's applications for benefits.

Irby then sought judicial review of the Commissioner's decision. The case was referred to Magistrate Judge Greg White for findings of facts, conclusions of law, and recommendations. The Magistrate Judge issued a report and recommendation (R&R) recommending I affirm the Commissioner's decision denying Irby's applications for benefits. (Doc. No. 16). This matter is before me pursuant to Irby's timely objections to the Magistrate Judge's R&R. (Doc. No. 17). For the reasons that follow, the objections are rejected, the recommendation is accepted, and the Commissioner's decision is affirmed.

**I. Standard of Review**

I have jurisdiction over the Commissioner's final decision denying Irby's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006). I make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings and recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d. 636, 637 (6th Cir. 1986). And, "the objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II. Discussion

The Magistrate Judge recommended affirming the Commissioner's decision to deny benefits. Irby objects to this recommendation in two respects. First, Irby asserts the ALJ erred in determining her RFC. Second, Irby argues that she should not be penalized with respect to her application withdrawal request due to an SSA policy change.

The trouble with these objections is that they are not sufficiently specific to trigger *de novo* review of the Magistrate Judge's decision. Instead of pinpointing the portions of the R&R that require review, Irby presents the exact same arguments that originally appeared in her brief on the merits and simply re-labels those arguments as "objections." (*See* Doc. Nos. 12 and 17). If I were to review these objections *de novo*, "[t[he functions of the district court [would be] effectively duplicated, as both the magistrate and the district court [have] perform[ed] identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Howard*, 932 F.2d at 509 (explaining that the specificity requirement in 28 U.S.C. § 636 is necessary to conserve judicial resources).

In this instance, Irby's objections are not keyed to the R&R and do not point to any errors in it. Thus, the objections are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x

354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). To the extent Irby supports her arguments using different legal authority, it remains that she has failed to pinpoint any errors with the Magistrate Judge's recommendation. Issues raised for the first time in objections to a Magistrate Judge's recommendation are deemed waived. *See Williams v. Comm'r of Soc. Sec.*, No. 11-15219, 2014 WL 1118431, at *3 (E.D. Mich. March 20, 2014) (citing cases therein). As such, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note. Having carefully reviewed the record, I find the Magistrate Judge's R&R to be well-reasoned and without error. Accordingly, I adopt the R&R in its entirety.

### III. Conclusion

For the reasons stated above, the Commissioner's decision denying benefits is affirmed.

So Ordered.

    s/ *Jeffrey J. Helmick*
United States District Judge